UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THERESA NELSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PAYPAL, INC. a/k/a PAYPAL CREDIT a/k/a PAYPAL HOLDINGS, INC.<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO.　1:16-cv-03385<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes THERESA NELSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of PAYPAL, INC. a/k/a PAYPAL CREDIT a/k/a PAYPAL HOLDINGS, INC. ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age who at all time relevant resided at 1270 Ridgeview Drive, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a Delaware corporation primarily dealing with payment processing and has a headquarters located at 2211 North First Street, San Jose, California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several months ago, Plaintiff made a purchase through Defendant and immediately canceled the transaction without receiving the item.

10. On or about November 12, 2016, Plaintiff started receiving calls from Defendant to her cellular phone, (317) XXX-1907. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 1907. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. The phone number that Defendant has most often used to contact Plaintiff from is (888) 895-5629. *See* Exhibit A.

13. Upon information and belief, the phone number ending in 5629 is regularly used by Defendant during its collection activities in Indiana.

14. When Plaintiff answers calls from Defendant, she experiences a brief pause, several seconds in length, before a live person begins speaking. *Id.*

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed it was seeking payment and advised that she did not owe Defendant anything since she canceled the transaction and the item was never shipped to her.

16. On or about November 14, 2016, Plaintiff explicitly told Defendant to stop calling her. *Id.*

17. Despite this request, Defendant has continued to relentlessly call Plaintiff's cellular phone up until the filing of the instant action. *Id.*

18. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that she did not wish to be contacted. *Id.*

19. For reference, on November 14, 2016 through November 16, 2016, Defendant called Plaintiff's cellular phone not less than three times each day.

20. Defendant also calls Plaintiff's cellular phone while she is at work. *Id.*

21. Working as a personal trainer, Defendant's phone calls have interrupted many of Plaintiff's sessions with clients, resulting in harm to her employment. *Id.*

22. Plaintiff has received at least 30 calls from Defendant after demanding that it stop contacting her. *Id.*

23. Concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

24. Plaintiff has spent money purchasing and maintaining an application on her cellular phone for the purpose of blocking Defendant's calls. *Id.*

25. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

26. Plaintiff has experienced financial loss as a result of Defendant's conduct.

27. Plaintiff has been unfairly harassed and mislead by Defendant's conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The several seconds pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Even if Plaintiff *may* have consented to receive collection calls

from Defendant through means of an ATDS, such permission was explicitly revoked by her demands to cease contact.

32. The calls placed by Defendant to Plaintiff were regarding collection of a debt and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, THERESA NELSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

36. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this

> chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

37. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

38. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

39. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

40. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she did not wish to be contacted. Similarly, Plaintiff informed Defendant that she did not owe it any money as the item she purchased was never received and the transaction cancelled. However, Defendant has ignored these prompts and called Plaintiff at least thirty times in an abusive attempt to collect payment from Plaintiff.

41. Defendant fraudulently and deceptively represented to Plaintiff that she had liability on a debt which she was not responsible to pay.

42. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

43. The IDCSA further states:

6

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

44. Defendant's conduct is part of a purposeful and systematic scheme to illegally collect money from unsophisticated consumers who may not be aware of their rights.  Plaintiff told Defendant to stop calling, however, Defendant's conduct is an incurable deceptive act of which notice would not remedy.

45. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

46. As pled in paragraphs 21 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful conduct.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, THERESA NELSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 15, 2016                    Respectfully submitted,

                                            s/ Nathan C. Volheim
                                            Nathan C. Volheim, Esq. #6302103

7

Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com