UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THERESA NELSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No: 1:16-cv-03385-SEB-TAB ) ) Judge Sarah Evans Barker |
| PAYPAL, INC. a/k/a PAYPAL CREDIT a/k/a PAYPAL HOLDINGS, INC., | ) ) ) |
| Defendants. | ) ) |

**PAYPAL, INC.'S ANSWER**
**AND AFFIRMATIVE DEFENSES**

Defendant PayPal, Inc. [1] ("PayPal"), by counsel, answers Plaintiff's Complaint as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action for damages under the TCPA and IDCSA, but denies that it violated those statutes and further denies that it engaged in any unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

---

[1] PayPal, Inc. is *not* also known as PayPal Credit or PayPal Holdings, Inc. PayPal, Inc. is a subsidiary of PayPal Holdings, Inc. Bill Me Later, Inc., now known as PayPal Credit, is a subsidiary of PayPal, Inc.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

**ANSWER:** Defendant admits that it issues accounts to certain residents of Indiana through which they can send and receive money online, and that venue is proper, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies these allegations.

## **PARTIES**

4. Plaintiff is a natural person over 18 years-of-age who at all time relevant resided at 1270 Ridgeview Drive, Indianapolis, Indiana, which falls within the Southern District of Indiana.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies these allegations.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

6. Defendant is a Delaware corporation primarily dealing with payment processing and has a headquarters located at 2211 North First Street, San Jose, California.

**ANSWER:** Defendant admits that it is a Delaware corporation that provides payment processing services and has headquarters located at 2211 North First Street, San Jose, California, but denies the remaining allegations contained in this paragraph.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several months ago, Plaintiff made a purchase through Defendant and immediately canceled the transaction without receiving the item.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

10. On or about November 12, 2016, Plaintiff started receiving calls from Defendant to her cellular phone, (317) XXX-1907. See attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

**ANSWER:** Defendant admits that it placed calls to the phone number (317) XXX-1907 in or around November 2016. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 1907. Plaintiff is and has always been financially responsible for the cellular phone and its services.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

12. The phone number that Defendant has most often used to contact Plaintiff from is (888) 895-5629. *See* Exhibit A.

**ANSWER:** Defendant admits that it placed calls to Plaintiff and that the above phone number is associated with it, but currently lacks knowledge or information sufficient to

admit or deny whether it placed calls to Plaintiff from the specific number identified and, on that basis, denies these allegations.

13. Upon information and belief, the phone number ending in 5629 is regularly used by Defendant during its collection activities in Indiana.

**ANSWER:** Defendant admits that it places calls to Indiana residents regarding delinquent accounts, but currently lacks knowledge or information sufficient to admit or deny whether it placed calls using the specific number identified for such purposes and, on that basis, denies these allegations.

14. When Plaintiff answers calls from Defendant, she experiences a brief pause, several seconds in length, before a live person begins speaking. *Id*.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed it was seeking payment and advised that she did not owe Defendant anything since she canceled the transaction and the item was never shipped to her.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

16. On or about November 14, 2016, Plaintiff explicitly told Defendant to stop calling her. *Id*.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

17. Despite this request, Defendant has continued to relentlessly call Plaintiff's cellular phone up until the filing of the instant action. *Id*.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

18. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that she did not wish to be contacted. *Id.*

**ANSWER:** Defendant denies the allegations contained in this paragraph.

19. For reference, on November 14, 2016 through November 16, 2016, Defendant called Plaintiff's cellular phone not less than three times each day.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

20. Defendant also calls Plaintiff's cellular phone while she is at work. *Id*.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies these allegations.

21. Working as a personal trainer, Defendant's phone calls have interrupted many of Plaintiff's sessions with clients, resulting in harm to her employment. *Id*.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies these allegations.

22. Plaintiff has received at least 30 calls from Defendant after demanding that it stop contacting her. *Id*.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

23. Concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies these allegations.

24. Plaintiff has spent money purchasing and maintaining an application on her cellular phone for the purpose of blocking Defendant's calls. *Id*.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies these allegations.

25. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

26. Plaintiff has experienced financial loss as a result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

27. Plaintiff has been unfairly harassed and mislead by Defendant's conduct.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference its answers to paragraphs 1 through 27.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**ANSWER:** Defendant admits that this paragraph quotes portions of the TCPA, 47 U.S.C. § 227, et seq.

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The several seconds pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

**ANSWER:** Defendant admits that it sometimes used automated equipment to call Plaintiff, but denies the remaining allegations contained in this paragraph.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Even if Plaintiff may have consented to receive collection calls from Defendant through means of an ATDS, such permission was explicitly revoked by her demands to cease contact.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

32. The calls placed by Defendant to Plaintiff were regarding collection of a debt and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

**ANSWER:** Defendant admits the allegations contained in this paragraph.

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**ANSWER:** Defendant denies the allegations contained in this paragraph.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference its answers to paragraphs 1 through 33.

35. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

36. The IDCSA states:

"A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a). "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

**ANSWER:** Defendant admits that this paragraph quotes portions of the IDSCA, I.C. § 24-5-0.5-0.1, et seq.

37. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

**ANSWER:** Defendant admits the allegations contained in this paragraph.

38. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

**ANSWER:** Defendant denies the allegations contained in this paragraph.

39. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

**ANSWER:** Defendant denies the allegations contained in this paragraph.

40. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she did not wish to be contacted. Similarly, Plaintiff informed Defendant that she did not owe it any money as the item she purchased was never received and the transaction cancelled. However, Defendant has ignored these prompts and called Plaintiff at least thirty times in an abusive attempt to collect payment from Plaintiff.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

41. Defendant fraudulently and deceptively represented to Plaintiff that she had liability on a debt which she was not responsible to pay.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

42. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

43. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

**ANSWER:** Defendant admits that this paragraph quotes portions of the IDSCA, I.C. § 24-5-0.5-0.1, et seq.

44. Defendant's conduct is part of a purposeful and systematic scheme to illegally collect money from unsophisticated consumers who may not be aware of their rights. Plaintiff told Defendant to stop calling, however, Defendant's conduct is an incurable deceptive act of which notice would not remedy.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

45. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

46. As pled in paragraphs 21 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

**ANSWER:** Defendant denies the allegations contained in this paragraph.

# AFFIRMATIVE DEFENSES

1. Plaintiff utilized her PayPal account to make a purchase and requested that PayPal send funds on her behalf to the seller when, on information and belief, she either knew she had insufficient funds to pay for the purchase or planned to cancel the transaction with her bank.

2. PayPal completed the transaction as Plaintiff requested, but Plaintiff never reimbursed PayPal for the purchase.

3. When Plaintiff subsequently cancelled the transaction with the seller and received a refund, Plaintiff withdrew the funds to her bank account, but continued to refuse to reimburse PayPal.

4. Plaintiff consented to be contacted regarding her PayPal account.

5. Plaintiff knew or should have known that PayPal would call to request the return of the funds after she knowingly and purposely engaged in a series of transactions that resulted in her receiving funds to which she was not entitled.

6. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

7. Plaintiff's claims are barred, in whole or in part, because she consented to receive the calls at issue, and never revoked such consent.

8. Plaintiff's claims are barred, in whole or in part, because she suffered no concrete harm.

9. Plaintiff's claims are barred by the equitable doctrine of unjust enrichment.

WHEREFORE, Defendant PayPal, Inc. respectfully requests that the Court dismiss Plaintiff's complaint or, alternatively, enter judgement in favor of Defendant and against Plaintiff, and award Defendant any further relief the court deems just and equitable.

        Respectfully submitted,

        PAYPAL, INC.

        By: /s/ Jennifer L. Majewski
            One of its attorneys

Anna-Katrina S. Christakis
Jennifer L. Majewski
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Ph. (312) 939-0953
Fax (312) 939-0983
jmajewski@pilgrimchristakis.com

# CERTIFICATE OF SERVICE

      Jennifer L. Majewski, an attorney, certifies that on February 7, 2017, she electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                      /s/ Jennifer L. Majewski